**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| FLEETPRIDE, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:26-CV-3104-K |
| | § | |
| HARLAND MCCLASKEY, CASEY MCCLASKEY, PATRICK HUDELSON, BRANDON JACKSON, AND JACKSON TRUCK PARTS & HEAVY EQUIPMENT LLC, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Before the Court are Plaintiff FleetPride, Inc. and Defendants Harland McClaskey and Casey McClaskey's Agreed Motion for Extension of TRO and Miscellaneous Relief (the "**Motion to Extend**") (Doc. No. 16), Defendants Brandon Jackson and Jackson Truck Parts & Heavy Equipment LLC's Emergency Motion to Dissolve Temporary Restraining Order and Order Granting Emergency Motion for Expedited Discovery and Brief in Support (the "**Motion to Dissolve**") (Doc. No. 29), and Plaintiff FleetPride, Inc.'s Motion for Leave to Conduct Limited Expedited Discovery and to Modify Briefing Deadlines (the "**Motion for Leave**") (Doc. No. 30). The Court has carefully considered the motions, the responses, *see* Doc. Nos. 25, 26, 33, 34, the replies, *see* Doc. Nos. 35, 36, appendices, applicable law, and relevant

portions of the record. For the following reasons, the Court **GRANTS** the Motion to Extend, **GRANTS** the Motion to Dissolve, and **DENIES** the Motion for Leave.

## I. Factual & Procedural History

Plaintiff is a national distributor and service provider of truck parts and related services. Doc. No. 1-5 at 2 (all citations herein are to the ECF assigned page number). On December 5, 2022, Plaintiff entered into an Asset Purchase Agreement with Defendants Harland and Casey McClaskey (the "McClaskey Defendants") to purchase their business. *Id.* at 2–3. Plaintiff alleges the McClaskey Defendants, however, "did not hold up their end of the bargain" and "went behind FleetPride's back by competing against it, steering its customers elsewhere, and working to dismantle" the business. *Id.* at 3. Plaintiff claims the McClaskey Defendants "did not act alone" and worked with Defendants Patrick Hudelson, Brandon Jackson, and Jackson Truck Parts & Heavy Equipment LLC ("Jackson Truck Parts") to operate a competing company that turned "the assets FleetPride purchased into weapons aimed back at the company that paid for them." *Id.*

On September 4, 2026, Plaintiff filed its Verified Original Petition and Application for TRO and Permanent Injunction in the 162nd Judicial District Court of Dallas County. Doc. No. 7 at 5. The same day, the state court entered a TRO set to expire on September 18, 2026, at 4:23 P.M. (Doc. No. 5-11) and an expedited discovery order (Doc. No. 7-4). The TRO broadly prohibited Defendants from competing with Plaintiff or interfering with its business relationships, employees, or

confidential and trade-secret information, while also requiring them to preserve relevant evidence. *See generally* Doc. No. 5-11. The discovery order granted Plaintiff the opportunity to depose Defendants and engage in limited discovery. *See generally* Doc. No. 7-4.

The state court set an evidentiary hearing for September 18, 2026, to address Plaintiff's injunction request prior to expiration of the TRO. Doc. No. 7 at 13. However, before the hearing, the McClaskey Defendants removed this action to federal court on September 11, 2026. *See generally* Doc. No. 1. At the time of removal, Defendants Patrick Hudelson, Brandon Jackson, and Jackson Truck had been served but had not yet appeared. Doc. No. 9 at 1 ("FleetPride advises the Court that Defendants Patrick Hudelson, Brandon Jackson, and Jackson Truck Parts were properly served with the initial petition prior to Defendants Harland McClaskey and Casey McClaskey's removal to this Court."). Following removal, Plaintiff moved to extend the TRO and confirm the state court's discovery order. *See generally* Doc. No. 7.

After carefully considering all filings, applicable law, relevant portions of the record, and giving all Defendants the opportunity to respond, *see, e.g.*, Doc. No. 8 (ordering Plaintiff to serve a copy of e-order and motion to non-appearing Defendants), the Court extended the state court TRO an additional fourteen (14) days to October 2, 2026, at 4:23 P.M. Doc. No. 15 at 3 (citing FED. R. CIV. P. 65(b)(2)). The Court also declined to sua sponte modify the state court's expedited discovery order on grounds that the order "transformed by operation of 28 U.S.C. § 1450 into orders of

the federal district court" following removal. Doc. No. 11 (citing *Mode Global, LLC v. Kurigier*, 350 F.R.D. 271, 273—74) (N.D. Tex. 2025) (Horan, J.)).

After the court's order extending the TRO (Doc. No. 15), Plaintiff and the McClaskey Defendants filed the Motion to Extend (Doc. No. 16). The Motion to Extend asked the Court, among other requests, to extend the TRO as to the McClaskey Defendants to expire on October 23, 2026, at 11:59 P.M. Doc. No. 16 at 3. The Court ordered Plaintiff to serve a copy of the Motion to Extend on the non-appearing defendants and ordered those defendants to respond by September 23, 2026. Doc. No. 19 at 2.

On September 22, 2026, Defendants Brandon Jackson and Jackson Truck Parts (the "Jackson Defendants") appeared. The Jackson Defendants filed a Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) (the "Motion to Dismiss") (Doc. No. 21) on September 22, 2026, and responded to the Motion to Extend (Doc. No. 25) on September 23, 2026. Defendant Patrick Hudelson appeared on September 23, 2026. Mr. Hudelson did not contest the Court's personal jurisdiction and instead filed a response (Doc. No. 26) on September 23, 2026, consenting to the TRO extension.

On September 24, 2026, both Plaintiff and the Jackson Defendants filed competing motions. Plaintiff filed the Motion for Leave (Doc. No. 30), asking the Court to grant limited discovery on the jurisdictional question to resolve the Jackson Defendants' Motion to Dismiss (Doc. No. 21). The Jackson Defendants filed the

Motion to Dissolve (Doc. No. 29), asking the Court to dissolve the state court TRO and state court discovery order.

To facilitate resolution of both motions, the Court stayed Plaintiff's response deadline for the Motion to Dismiss and ordered expedited briefing on the Motion for Leave and Motion to Dissolve. *See* Doc. No. 31. Plaintiff and the Jackson Defendants have since filed their respective responses and replies. The Motion to Extend, Motion to Dissolve, and Motion for Leave are now ripe for review.

## II. Application of the Law

### A. Motion to Extend & Motion to Dissolve

The Court starts with the Motion to Extend and Motion to Dissolve, which involve the same underlying issue. The Motion to Extend asks the Court to extend the TRO as to the McClaskey Defendants to October 23, 2026, at 11:59 P.M. Doc. No. 16 at 2. The Motion to Dissolve asks the Court to dissolve the TRO and expedited discovery order as to the Jackson Defendants because the state court failed to find personal jurisdiction. Doc. No. 29 at 2. In response to the Motion to Dissolve, Plaintiff claims that merely bringing a Rule 12(b)(2) motion does not establish that the Court lacks jurisdiction and the Court should continue to enforce the TRO "to the fullest extent Rule 65 permits." Doc. No. 34 at 8. For the following reasons, the Court **DISSOLVES** the TRO and expedited discovery order as to the Jackson Defendants. However, the Court **EXTENDS** the TRO, and the state court discovery order remains **IN FULL EFFECT**, as to the McClaskey Defendants and Patrick Hudelson.

Following removal, "all injunctions, orders, and other proceedings" issued by a state court "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. Because a TRO is interlocutory, it "remains subject to reconsideration just as it had been prior to removal." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1303 (5th Cir. 1998) (citations omitted). Accordingly, "a district court may dissolve or modify a temporary restraining order issued by a state court" after removal. *WWEX Franchise Holdings, LLC v. Squadroni*, No. 3:23-CV-0809-S, 2023 WL 4937405, at *1 (N.D. Tex. April 28, 2023) (Scholer, J.). Similarly, a district court may dissolve or modify a discovery order issued by a state court after removal. *E.g.*, *Samuel v. Aber Co., Inc.*, No. 09-448-JVP-SCR, 2009 WL 2242418, at *2 (M.D. La. July 24, 2009) ("Neither § 1450 nor the Federal Rules of Civil Procedure carves out discovery orders from the scope of § 1450, or treats state court discovery orders differently from other state court orders.").

The fact pattern before the Court is a novel one. For guidance, the Court looks to *Ultra Premium Servs., LLC v. Tubnaya Metallurgicheskaya Kompaniya*, No. H-21-305, 2021 WL 2766398 (S.D. Tex. Feb. 10, 2021) (Hittner, J.). *Ultra Premium* involved a similar sequence of events. There, (1) Plaintiffs filed suit in state court seeking a TRO, (2) Defendant TMK filed its Notice of Removal in federal court, (3) the state court issued the TRO, and (4) TMK filed its Notice of Removal in state court. *Id.* at *1. After removal, TMK moved to dissolve the TRO on the theory that the state and federal courts lacked personal jurisdiction, advancing the same argument that the Jackson

Defendants do here. Prior to addressing TMK's motion to dismiss pursuant to Rule 12(b)(2), Judge Hittner concluded that, "because no specific determination was made as to personal jurisdiction over TMK, TMK has not waived its right to contest personal jurisdiction, and the Court must have jurisdiction to maintain or enforce injunctive relief, [so] the Court finds the TRO should be dissolved." *Id.* at *2 (citation modified).

For the same reasons, the Court **GRANTS** the Motion to Dissolve. The TRO (Doc. No. 5-11) is **DISSOLVED AS TO THE JACKSON DEFENDANTS**. Also for the same reasons, the state court order granting expedited discovery (Doc. No. 7-4) is **DISSOLVED AS TO THE JACKSON DEFENDANTS**.

Although the Court dissolves the TRO and state court order granting expedited discovery as to the Jackson Defendants, the Court still **GRANTS** the Motion to Extend, which asks only that the TRO be extended "as it applies to the McClaskeys." Doc. No. 16 at 2. The Court interprets Mr. Hudelson's response (Doc. No. 26) as also consenting to the TRO. Doc. No. 26 at 1 ("FleetPride and Hudelson agree to extend the TRO, as it applies to Hudelson, through and including 11:59 p.m. on October 23, 2026). Therefore, the **TRO** is hereby **EXTENDED AS TO DEFENDANTS HARLAND MCCLASKEY, CASEY MCCLASKEY, AND PATRICK HUDELSON** and **SHALL EXPIRE ON OCTOBER 23, 2026, AT 11:59 P.M. CT**. *See* FED. R. CIV. P. 65(b)(2) (allowing for extension if "the adverse party consents to a longer extension").

As to the state court order granting expedited discovery (Doc. No. 7-4), the Court reemphasizes what it has already said before: because the state court's order transformed into an order of this Court by operation of law, *see Mode Global, LLC*, 350 F.R.D. at 273–74, it remains in full effect until otherwise dissolved or modified by this Court. While the Court has dissolved the order as to the Jackson Defendants, the undersigned notes that neither Plaintiff, the McClaskey Defendants, nor Mr. Hudelson have moved for the Court to modify or dissolve the order as to them. And, as stated before, "the Court declines to sua sponte dissolve or modify the state court's order granting expedited discovery." Doc. No. 11. The order (Doc. No. 7-4) therefore **REMAINS IN FULL EFFECT AS TO PLAINTIFF FLEETPRIDE, INC., DEFENDANT HARLAND MCCLASKEY, DEFENDANT CASEY MCCLASKEY, AND DEFENDANT PATRICK HUDELSON**.

**B. Motion for Leave**

The Court now turns to the Motion for Leave. In the Motion for Leave, Plaintiff asks the Court to, among other requests, grant Plaintiff leave to conduct limited expedited discovery on the jurisdictional question, require the Jackson Defendants to serve substantive responses and produce responsive documents, and permit Plaintiff to depose Mr. Jackson. Doc. No. 30 at 20. Plaintiff claims it is entitled to this discovery because addressing the Motion to Dismiss requires resolving specific factual disputes bearing on jurisdiction, and the evidence that would resolve such disputes is predominantly in the Jackson Defendants' control. *Id.* at 5, 8. In response, the Jackson

Defendants urge that Plaintiff's discovery request should be denied because "the facts the plaintiff seeks could not confer jurisdiction as a matter of law" and Plaintiff's requests "seek[] merits discovery disguised as jurisdictional discovery." Doc. No. 33 at 5–6. The Jackson Defendants also attach Mr. Jackson's sworn declaration, which emphatically denies any contacts with the State of Texas. *See generally* Doc. No. 23. For the following reasons, the Court agrees with the Jackson Defendants and therefore **DENIES** the Motion for Leave.

"Federal courts obviously and always have jurisdiction to determine their own jurisdiction." *Carver v. Baustert*, No. 25-30101, 2026 WL 581819, at *2 (5th Cir. Mar. 2, 2026) (Oldham, J., concurring). This includes jurisdictional discovery, which courts have broad discretion to permit when a plaintiff "presents factual allegations with reasonable particularity the possible existence of" facts to support jurisdiction. *Getagadget, L.L.C. v. Jet Creations Inc.*, No. 19-51019, 2022 WL 964204, at *5 (5th Cir. Mar. 30, 2022) (citations omitted). However, "when the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000) (citation modified).

A party seeking jurisdictional discovery bears the burden of demonstrating its necessity. *Pace v. Cirrus Design Corp.*, 636 F. Supp. 3d 714, 722 (S.D. Miss. 2022) (citing *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014)). The Court takes all uncontroverted allegations in the complaint as true. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). However, where the complaint's allegations are

controverted by the defendant's affidavits, and the facts in those affidavits are disputed only by plaintiff's allegations, the defendant's assertions must be taken as fact. *Id.* (citing *Black v. Acme Markets, Inc.*, 564 F.2d 681, 684 n.3 (5th Cir. 1977); *Edwards v. Associated Press*, 512 F.2d 258, 258 (5th Cir. 1975)); *see also X. Corp. v. World Fed'n of Advertisers*, 826 F. Supp. 3d 772, 800 (N.D. Tex. 2026) (Boyle, J.) (denying jurisdictional discovery in part because the plaintiff did "not present facts (as opposed to speculation) controverting a sworn affidavit that the employee did not work for [Defendant] Nestlé S.A.").

Having carefully considered the Motion for Leave, response, reply, applicable law, appendices, and all other relevant portions of the record, the Court concludes that, for the purposes of the Motion for Leave ONLY, Plaintiff has failed to make the required showing for jurisdictional discovery. *See Monkton*, 768 F.3d at 434 (citations omitted). Thus, the Motion for Leave is **DENIED**.

## III. Conclusion

The Court **GRANTS** the Motion to Extend, **GRANTS** the Motion to Dissolve, and **DENIES** the Motion for Leave. The TRO (Doc. No. 5-11) is extended to **October 23, 2026, at 11:59 P.M. CT** as to ONLY Harland McClaskey, Casey McClaskey, and Patrick Hudelson. *See* FED. R. CIV. P. 65(b)(2). The TRO (Doc. No. 5-11) is dissolved as to Brandon Jackson and Jackson Truck Parts & Heavy Equipment LLC. The state court order granting expedited discovery (Doc. No. 7-4) remains in full effect as to FleetPride, Inc., Harland McClaskey, Casey McClaskey, and Patrick Hudelson. The

state court order granting expedited discovery (Doc. No. 7-4) is dissolved as to Brandon Jackson and Jackson Truck Parts & Heavy Equipment LLC.

**SO ORDERED.**

Signed October 1st, 2026.

Ed Kinkeade
ED KINKEADE
UNITED STATES DISTRICT JUDGE